**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| FOREST HILLS COUNTRY CLUB,<br><br>Plaintiff,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br><br>Defendant. | ) | Case No. 3:26-cv-50355<br><br>**NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441 (Diversity Jurisdiction)**<br><br>CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT<br>No. 2026-LA-0000294 |

TO THE CLERK OF THE ABOVE-ENTITLED COURT:

PLEASE TAKE NOTICE that Defendant, THE TRAVELERS INDEMNITY COMPANY ("Travelers"), by and through its attorneys, pursuant to 28 U.S.C. §§ 1332, 1441(a) and 1446, hereby removes to this Court the state court action described below:

1. On July 15, 2026, Plaintiff, FOREST HILLS COUNTRY CLUB ("FHCC"), filed an action in the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois, under Case No. 2026-LA-0000294, against Defendant Travelers. FHCC's Complaint is attached hereto as Exhibit A and incorporated herein by reference.

2. On July 20, 2026, Travelers received the Summons and Complaint through the Illinois Department of Insurance.

3. This Notice of Removal is timely filed under 28 U.S.C. § 1446(b)(1) and (2)(B) because it is being filed within thirty (30) days after Travelers' receipt of the Summons and Complaint through service.

4. This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332 and is one which may be removed to this Court by Travelers pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5. At the time the Complaint was filed, and at all times subsequent thereto, Plaintiff FHCC was and is an Illinois corporation with its principal place of business in the State of Illinois.

6. At the time the Complaint was filed, and at all times subsequent thereto, Defendant Travelers was and is a Connecticut corporation with its principal place of business in the State of Connecticut.

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.

8. The Seventh Circuit has established a low threshold for defendants in establishing the amount in controversy. "It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Barbers, Hairstyling For Men & Women, Inc. v. Bishop*, 132 F.3d 1203, 1205 (7th Cir. 1997). "Removal is proper if the defendant's estimate of the stakes is plausible." *Rubel v. Pfizer Inc.*, 361 F.3d 1016, 1020 (7th Cir. 2004).

9. FHCC's Complaint alleges breach of contract damages greater than $50,000. Ex. A, ¶ 29.

10. FHCC also seeks relief under Section 155 of the Illinois Insurance Code. Ex. A, ¶¶ 30-33. Under Section 155, an insured may recover reasonable attorney's fees and an amount not to exceed the greater of: (a) 60% of the amount which the court or jury finds the insured is entitled to recover against the insurer, exclusive of all costs; (b) $60,000; or (c) the excess of the amount which the insured is entitled to recover, exclusive of costs, over the amount, if any, which the insurer offered to pay in settlement of the claim prior to the action. 215 ILCS 5/155(1).

11. Thus, if FHCC proves damages in the amount of $50,000.00, FHCC could seek recovery under Section 155 for an additional $30,000.00 (60 percent of $50,000.00), plus reasonable attorney's fees, making the stakes to Travelers at least $80,000.00, exclusive of attorney's fees. Statutory damages available under 215 ILCS 5/155 count towards the amount in

controversy requirement of 28 U.S.C. § 1332(a). *Remy v. Travelers Home & Marine Ins. Co*., 2013 WL 2573952, at *2 (N.D. Ill. 2013), citing S*tachewicz v. National Union Fire Ins. Co. of Pittsburgh, PA*, 2009 WL 3065065 (S.D. Ill. 2009).

12. Accordingly, the amount placed in controversy by FHCC's Complaint exceeds $75,000, exclusive of interest and costs.

13. Travelers denies that it breached the Policy, acted vexatiously or unreasonably, or that FHCC is entitled to the damages and other relief sought in its Complaint. Nevertheless, for purposes of determining the amount in controversy, FHCC's claims place more than $75,000 in controversy and satisfy the jurisdictional requirement of 28 U.S.C. § 1332(a).

14. Prompt written notice of this removal is being provided to FHCC, and a copy of this Notice of Removal is being filed with the Clerk of the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois, as required by 28 U.S.C. § 1446(d).

WHEREFORE, Defendant, THE TRAVELERS INDEMNITY COMPANY, prays that the above-entitled cause, currently pending in the Circuit Court of the 17th Judicial Circuit, Winnebago County, Illinois, under Case No. 2026-LA-0000294, be removed therefrom to the United States District Court for the Northern District of Illinois, Western Division, and proceed in this Court as an action properly removed thereto.

Respectfully submitted,

/s/ Thomas B. Orlando

Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
torlando@fgppr.com

Attorneys for Defendant,
THE TRAVELERS INDEMNITY COMPANY

**CERTIFICATE OF SERVICE**

I, the undersigned, on oath, subject to penalty of perjury, state that I served the Notice of Removal and Appearance, by emailing to all counsel of record on August 19, 2026, at the email address set forth below.

Adam S. Long
Barrick, Switzer, Long, Balsley & Van Evera
6833 Stalter Drive
Rockford, IL 61108
815-962-6611
along@bslbv.com
dseward@bslbv.com

/s/ Thomas B. Orlando
Thomas B. Orlando
FORAN GLENNON PALANDECH
PONZI & RUDLOFF PC
222 N. LaSalle Street, Suite 1400
Chicago, IL 60601
312-863-5000
torlando@fgppr.com